# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 4:19-cr-12 |
| v. ) | |
| ) | Judge Travis R. McDonough |
| DUSTIN SCOTT SPRADLING ) | |
| ) | Magistrate Judge Christopher H. Steger |
| ) | |

## MEMORANDUM AND ORDER

On April 8, 2020, Defendant Dustin Scott Spradling filed a motion to suppress all evidence obtained "as the result of the search warrant issued . . . on December 3, 2018." (Doc. 48). On May 8, 2020, United States Magistrate Judge Christopher H. Steger held a hearing on Spradling's motion. (*See* Doc. 53.) On May 22, 2020, Magistrate Judge Steger entered a report and recommendation, recommending that the Court deny the motion to suppress. (Doc. 55.) Spradling objected to Magistrate Judge Steger's report and recommendation. (Doc. 60.) For the reasons set forth below, the Court will: (1) **OVERRULE** Spradling's objections to the report and recommendation (*id.*); (2) **ACCEPT AND ADOPT** the report and recommendation (Doc. 55); and (3) **DENY** Spradling's motion to suppress (Doc. 48).

### I. STANDARD OF REVIEW

This Court must conduct a de novo review of those portions of the report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(C). De novo review does not, however, require the district court to rehear witnesses whose testimony has been evaluated by the magistrate judge. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). The magistrate judge, as the factfinder, has the opportunity to observe and to hear the witnesses and

to assess their demeanor, putting him in the best position to determine credibility. *Moss v. Hofbauer*, 286 F.3d 851, 868 (6th Cir. 2002); *United States v. Hill*, 195 F.3d 258, 264–65 (6th Cir. 1999). A magistrate judge's assessment of witnesses' testimony is, therefore, entitled to deference. *United States v. Irorere*, 69 F. App'x 231, 236 (6th Cir. 2003); *see also United States v. Navarro-Camacho*, 186 F.3d 701, 705 (6th Cir. 1999).

Although the Court is required to engage in a de novo review of specific objections, if the objections merely restate the arguments asserted in a defendant's earlier motion, which were addressed by the magistrate judge's report and recommendation, the Court may deem those objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.")

## II.    BACKGROUND

On January 28, 2020, a grand jury returned a single-count superseding indictment charging Spradling with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. 36.) On April 8, 2020, Spradling filed a motion to suppress all evidence seized as the result of the search warrant issued on December 3, 2018, arguing that the search warrant was not supported by probable cause. (Doc. 48.) On May 8, 2020, Magistrate Judge Steger held a hearing on Spradling's motion to suppress (*see* Doc. 53), and, on May 22, 2020, Magistrate Judge Steger entered a report and recommendation, recommending that the Court deny the motion to suppress (Doc. 55). Spradling did not object to the facts as outlined in Magistrate Judge Steger's report and recommendation but did object to the legal conclusions therein. (*See generally* Doc. 60.) After reviewing the record before the Court and finding the facts to be

consistent with Magistrate Judge Steger's report and recommendation, the Court **ADOPTS BY REFERENCE** the facts as set out in the report and recommendation. (Doc. 55, at 1–3); *see, e.g.*, *United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2013) (affirming the district court's adoption of the facts set out in a magistrate judge's report and recommendation when the defendant did not object to the facts outlined by the magistrate). The Court will refer to the facts only as necessary to analyze the issues raised in Spradling's objections to the report and recommendation. Spradling's objections to Magistrate Judge Steger's report and recommendation (Doc. 60) are now ripe for the Court's review.

### III. ANALYSIS

In his objections, Spradling argues that the magistrate judge erred in determining that the warrant was supported by probable cause because: (1) Special Agent Gordy's affidavit fails to establish the reliability and veracity of the two confidential informants and one named source of the information on which the warrant is based; and (2) law enforcement did not conduct further investigation to corroborate the sources' information. (*See generally* Doc. 49.)[1]

The Fourth Amendment "requires warrants to be supported by probable cause." *United States v. Hines*, 885 F.3d 919, 923 (6th Cir. 2018.) To demonstrate probable cause sufficient to justify a search warrant, the officer seeking the warrant to submit an affidavit that "indicates a fair probability that evidence of a crime will be located on the premises of the proposed search." *Id*. In reviewing the propriety of the warrant affidavit, the Court is "limited to examining the information in the four corners of the affidavit," but "line-by-line scrutiny of the underlying affidavit is improper when reviewing the issuing judge's probable cause determination." *Id*. at

---

[1] Spradling concedes that the other two arguments he made in his motion to suppress—the first alleging that the information was stale, and the second based on the inclusion of an incorrect address—are without merit. (Doc. 60, at 8 n.1.)

3
Case 4:19-cr-00012-TRM-CHS   Document 62   Filed 09/01/20   Page 3 of 8   PageID #: 202

923–24 (citing *United States v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000) (en banc)). Further, the Court evaluates a search warrant affidavit "on the adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added." *Id.* at 926 (quoting *Allen*, 211 F.3d at 975).

"A court must look to the 'totality of the circumstances,' including a confidential informant's 'veracity, reliability, and basis of knowledge,' in order to answer 'the common sense, practical question' of whether an affidavit is sufficient to support a finding of probable cause." *Id.* (quoting *United States v. May*, 399 F.3d 817, 822 (6th Cir. 2005)); *United States v. Greene*, 250 F.3d 471, 479 (6th Cir. 2001) ("Courts should review the sufficiency of the affidavit in a commonsense, rather than hypertechnical manner."). Additionally, courts "do not evaluate an informant's veracity, reliability, and basis of knowledge independently; more of one compensates for less of the others." *Id.* at 925. Further, a search warrant affidavit based on information provided by confidential sources does not necessarily require independent corroboration of criminal activity by law enforcement to support a finding of probable cause. *Hines*, 885 F.3d at 925; *Allen*, 211 F.3d at 976 (explaining that independent corroboration is not necessary when a confidential informant personally known to the affiant provided reliable information based on personal observation of criminal activity).

In this case, Magistrate Judge Steger correctly found that the search warrant affidavit indicates a fair probability that evidence of a crime will be located on the premises of the proposed search. As described by the search warrant affiant, one of the confidential sources ("CS-1") previously provided law enforcement reliable information that led to the arrest of two individuals, and he further stated that he had seen a small-caliber handgun at Spradling's residence within the seventy-two hours preceding his interview. (Doc. 61-1, at 6.) Although the

4

affiant could have provided more details regarding the information supplied by CS-1, the affidavit suggests that the confidential source is reliable based on accurate information provided in the past, and it explains the basis of the confidential source's knowledge by noting that he recently saw a firearm in Spradling's residence. *See United States v. Moore*, 661 F.3d 309, 311–13 (6th Cir. 2011) (upholding validity of a search warrant based on information provided by a confidential source that previously supplied reliable information and personally observed drug sales at the address to be searched); *Greene*, 250 F. 3d at 480 (An "affiant need only specify that the confidential informant has given accurate information in the past to qualify as reliable."). Similarly, a second confidential source ("CS-2") provided self-incriminating information to law enforcement and also stated that he personally observed two firearms in Spradling's residence on November 15, 2018. *See United States v. Greenburg*, 410 F.3d 63, 67–68 (1st Cir. 2005) ("When a self-incriminating statement is provided by an informant whose identity is known to the authorities, the statement is more likely to be true because of the risk inherent in making such a statement."). Finally, a third source, Lonnie Johnson, also provided self-incriminating evidence and told law enforcement that he personally observed firearms in Spradling's residence. (Doc. 61-1, at 6.) Such information, viewed under the totality of the circumstances, and in light of the affiant's knowledge that Spradling was a convicted felon (*see id*.), is sufficient to support a finding of probable cause necessary to issue a search warrant for Spradling's residence. *See Allen*, 211 F.3d at 976. While the affiant certainly could have provided greater detail, the search warrant affidavit is evaluated based on the information provided, not on what it lacks or what an affiant could have added. *Hines*, 885 F.3d at 925.

For these reasons, the Court agrees with Magistrate Judge Steger's application of the law and his well-reasoned conclusions. Accordingly, the Court will **OVERRULE** Spradling's

objections to the report and recommendation. The Court will **ACCEPT AND ADOPT** the report and recommendation (Doc. 55) and will **DENY** Spradling's motion to suppress (Doc. 48).

IV.     **CONCLUSION**

For the reasons stated herein, Spradling's objections to the report and recommendation (Doc. 60) are **OVERRULED**. The Court **ACCEPTS AND ADOPTS** the report and recommendation (Doc. 55) and **DENIES** Spradling's motion to suppress (Doc. 48). The following new trial schedule is **ORDERED**:

1.     Plea Bargaining shall be concluded by **September 21, 2020**, and any written agreement shall be executed by said date.

2.     All motions shall be filed no later than **September 21, 2020**.

3.     All requests for jury instructions shall be submitted no later than **September 28, 2020**. The parties shall confer and submit a joint proposal for jury instructions. Before submitting the joint proposal to the Court, the parties must attempt to resolve any disagreements. To the extent there are disagreements as to specific instructions that cannot be resolved, the parties should provide competing instructions in their joint proposal. All jury instructions in the joint proposal, including agreed instructions and competing instructions, shall be supported by citations of authority. A copy of the proposed jury instructions should be sent in Microsoft Word format to **mcdonough_chambers@tned.uscourts.gov**.

4.     A final pretrial conference shall be held before the United States District Judge at **3:00 p.m.** on **September 28, 2020**, in Chattanooga, Tennessee. At or before the final pretrial conference, all parties shall provide a notebook to the Court with exhibits they expect to offer during their cases-in-chief. Each party should also file a written submission advising the Court: (1) how and by whom each document will be authenticated, and (2) the theory of admissibility

6

Case 4:19-cr-00012-TRM-CHS   Document 62   Filed 09/01/20   Page 6 of 8   PageID #: 205

for the document, with appropriate references to the Federal Rules of Evidence. At the final pretrial conference, the parties should also be prepared to advise the Court whether they intend to offer any out-of-court statements as evidence beyond what is reflected in the exhibit notebook and be prepared to explain why each statement is not barred by the rule against hearsay, the Confrontation Clause, or any other basis. The parties should also be prepared to discuss evidence relating to a crime, wrong, or other act by the defendant(s), whether that evidence is admissible under Federal Rule of Evidence 404(b)(2), and whether the Government has given appropriate notice. The parties shall also disclose to one another and to the Court the technology they intend to use in the courtroom during the trial and how they intend to use it (e.g., display equipment, data storage, retrieval, or presentation devices). This disclosure shall list: (1) the equipment the parties intend to bring into the courtroom to use and (2) the equipment supplied by the Court the parties intend to use. Further, the parties shall disclose to one another the content of their electronic or digital materials by the time of the final pretrial conference and shall confirm the compatibility/viability of their planned use of technology with the Court's equipment by the final pretrial conference. General information regarding equipment supplied by the Court is available on the Eastern District of Tennessee website (**www.tned.uscourts.gov**). Specific questions about Court-supplied equipment should be directed to the courtroom deputy (directory available on website).

5. The trial of this case will be held before the United States District Judge and a twelve-person jury beginning on **October 5, 2020, at 9:00 a.m.** in Chattanooga, Tennessee. If this case is not heard immediately, it will be held in line until the following day or any time during the week of the scheduled trial date.

**SO ORDERED.**

/s/*Travis R. McDonough*
**TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE**